No. 11,119.

## KIOUS ET AL. *v.* DAY.

PRACTICE.—*Motion in Arrest of Judgment.*—*Complaint.*—A complaint upon an assigned partnership account, which does not state the consideration for the assignment, and does not aver a settlement of the partnership affairs, is sufficient upon a motion in arrest of judgment.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellants.

*R. Gregory*, for appellee.

FRANKLIN, C.—Appellee sued the appellant Kious on account, making appellant Hay a co-defendant to answer as to his interest in the account, alleging that appellee and Hay had been partners when the account was made; that the partnership had been dissolved, and that Hay had assigned by delivery to appellee all his interest in the account.

Issues were formed, and there was a trial by jury, verdict for plaintiff, and, over motions for a new trial and in arrest, judgment was rendered upon the verdict.

The only question presented to this court is upon the overruling of the motion in arrest of judgment.

The only objections made to the complaint are, that it does not show the consideration for the assignment of Hay's interest in the account to appellee, and does not aver a settlement of the partnership affairs. Appellant makes no argument upon these objections, nor does he cite any authority in favor of the position assumed. To be equally as brief in this opinion, we do not think that it was necessary for the complaint to show the consideration for the assignment, nor that the partnership matters had been finally settled. The complaint was certainly good as against these objections first made after verdict. This court does not favorably view objections thus made. A party who takes the risk and goes to trial without any objections to the complaint, after the result of the trial is against him, should not be heard to make any other

than very substantial objections to the complaint, under a motion in arrest of judgment. There was no error in overruling the motion in arrest.

The specification of error in overruling the motion for a new trial is waived by appellant, in his brief, only presenting the question of overruling the motion in arrest.

There is no error in the record, and we see no merits in the appeal. The judgment ought to be affirmed, with damages.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs and ten per cent. damages.

Filed March 4, 1884.